1  **JENNIFER L. COON**
   California State Bar No. 203913
2  **FEDERAL DEFENDERS OF SAN DIEGO, INC.**
   225 Broadway, Suite 900
3  San Diego, CA 92101-5008
   (619) 234-8467/Fax: (619) 687-2666
4  E-Mail: jennifer_coon@fd.org

5  Attorneys for Mr. Billingsley

6

7

8                    UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10                  **(HONORABLE BARRY TED MOSKOWITZ)**

11 | UNITED STATES OF AMERICA,       )   CASE NO. 08CR2511-BTM
                                     )
12 |         Plaintiff,              )   DATE:    August 29, 2008
                                     )   TIME:    1:30 p.m.
13 | v.                              )
                                     )   NOTICE OF MOTIONS AND MOTIONS TO:
14 | RHETT BUTLER BILLINGSLEY,       )
                                     )   1)  COMPEL DISCOVERY AND
15 |         Defendant.              )       PRESERVE EVIDENCE; AND
                                     )   2)  GRANT LEAVE TO FILE FURTHER
16 | _____ )       MOTIONS

17

18 TO:  KAREN P. HEWITT, UNITED STATES ATTORNEY; AND
       ASSIGNED ASSISTANT UNITED STATES ATTORNEY:
19

20      PLEASE TAKE NOTICE that, on August 29, 2008, at 1:30 p.m., or as soon thereafter as counsel may

21 be heard, defendant Rhett Butler Billingsley, by and through his attorneys, Jennifer L. Coon and

22 Federal Defenders of San Diego, Inc., will ask this Court to enter an order granting the following motions.

23 //

24 //

25 //

26 //

27 //

28 //

**MOTIONS**

Defendant Rhett Butler Billingsley, by and through his attorneys, Jennifer L. Coon and Federal Defenders of San Diego, Inc., asks this Court pursuant to the United States Constitution, the Federal Rules of Criminal Procedure, and all other applicable statutes, case law, and local rules for an order to:

    (1)    Compel Discovery and Preserve Evidence; and

    (2)    Grant Leave to File Further Motions.

These motions are based upon the instant motions and notice of motions, the attached statement of facts and memorandum of points and authorities, the files and records in the above-captioned matter, and any and all other materials that may come to this Court's attention prior to or during the hearing of these motions.

Respectfully submitted,

DATED:    August 4, 2008        */s/ Jennifer L. Coon*
                                        **JENNIFER L. COON**
                                        Federal Defenders of San Diego, Inc.
                                        Attorneys for Mr. Billingsley

1  **JENNIFER L. COON**
   California State Bar No. 203913
2  **FEDERAL DEFENDERS OF SAN DIEGO, INC.**
   225 Broadway, Suite 900
3  San Diego, CA 92101-5008
   (619) 234-8467/Fax: (619) 687-2666
4  E-Mail: jennifer_coon@fd.org

5  Attorneys for Mr. Billingsley

                    UNITED STATES DISTRICT COURT

                  SOUTHERN DISTRICT OF CALIFORNIA

                  (HONORABLE BARRY TED MOSKOWITZ)

| UNITED STATES OF AMERICA, | ) | CASE NO. 08CR2511-BTM |
|---|---|---|
| Plaintiff, | ) | DATE: August 29, 2008 |
| | ) | TIME: 1:30 p.m. |
| v. | ) | |
| | ) | STATEMENT OF FACTS AND |
| RHETT BUTLER BILLINGSLEY, | ) | MEMORANDUM OF POINTS AND |
| | ) | AUTHORITIES IN SUPPORT OF MOTIONS |
| Defendant. | ) | |

## I.

## BACKGROUND

On July 13, 2008, Mr. Billingsley was arrested. On July 29, 2008, the government filed a two-count indictment charging him with importation of marijuana in violation of 21 U.S.C. §§ 952 and 960, and possession of marijuana with intent to distribute in violation of 21U.S.C. § 841(a)(1).

These motions follow.

## II.

## MOTION TO COMPEL DISCOVERY AND PRESERVE EVIDENCE

To date, Mr. Billingsley has received no discovery in this case. Mr. Billingsley moves for the production of the following discovery and for the preservation of evidence. This request is not limited to those items that the prosecutor knows of, but rather includes all discovery listed below that is in the custody,

//

control, care, or knowledge of any government agency. See generally Kyles v. Whitley, 514 U.S. 419 (1995); United States v. Bryan, 868 F.2d 1032 (9th Cir. 1989).

(1)  **The Defendant's Statements**.  The government must disclose to the defendant all copies of any written or recorded statements made by the defendant; the substance of any statements made by the defendant which the government intends to offer in evidence at trial -- either in its case-in-chief or in rebuttal; see id., any response by the defendant to interrogation; the substance of any oral statements which the government intends to introduce at trial and any written summaries of the defendant's oral statements contained in the handwritten notes of the government agent; any response to any Miranda warnings which may have been given to the defendant; as well as any other statements by the defendant. Fed. R. Crim. P. 16(a)(1)(A) and (B)[1]. The Advisory Committee Notes and the 1991 Amendments to Rule 16 make clear that the Government must reveal all the defendant's statements, whether oral or written, regardless of whether the government intends to make any use of those statements. Federal Rule of Criminal Procedure 16 is designed "to protect the defendant's rights to a fair trial." United States v. Rodriguez, 799 F.2d 649 (11th Cir. 1986); see also United States v. Noe, 821 F.2d 604, 607 (11th Cir. 1987) (reversing conviction for failure to provide statements offered in rebuttal -- government's failure to disclose statements made by the defendant is a serious detriment to preparing trial and defending against criminal charges).

(2)  **Arrest Reports, Notes and Dispatch Tapes**.  The defendant also specifically requests that the government turn over all arrest reports, notes, TECS records and dispatch or any other tapes that relate to the circumstances surrounding his arrest or any questioning, if such reports have not already been produced in their entirety. This request includes, but is not limited to, any rough notes, records, reports, transcripts, referral slips, or other documents in which statements of the defendant or any other discoverable material is contained. The defendant includes in this request any redacted portions of the Report of Investigation ("ROI") and any subsequent ROIs that the case agent or any other agent has written. Such material is discoverable under Fed. R. Crim. P. 16(a)(1)(A) and (B) and Brady v. Maryland, 373 U.S. 83 (1963). The government must produce arrest reports, investigators' notes, memos from arresting officers, dispatch tapes,

---

[1] Of course, any of Mr. Billingsley's statements, which are exculpatory, must be produced, as well. See Brady v. Maryland, 373 U.S. 83 (1963).

1 sworn statements, and prosecution reports pertaining to the defendant. See Fed. R. Crim. P. 16(a)(1)(B) and (C), 26.2 and 12(I); United States v. Harris, 543 F.2d 1247, 1253 (9th Cir. 1976) (original notes with suspect or witness must be preserved); see also United States v. Anderson, 813 F.2d 1450, 1458 (9th Cir. 1987) (reaffirming Harris' holding). Preservation of rough notes is requested, whether or not the government deems them discoverable.

(3) **Brady Material**. The defendant requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt and/or which affects the credibility of the government's case. Kyles v. Whitley, 514 U.S. 419 (1995). Under Brady, Kyles and their progeny, impeachment, as well as exculpatory evidence, falls within the definition of evidence favorable to the accused. See also United States v. Bagley, 473 U.S. 667 (1985); United States v. Agurs, 427 U.S. 97 (1976). This includes information obtained from other investigations which exculpates Mr. Billingsley.

(4) **Any Information That May Result in a Lower Sentence Under The Guidelines**. The government must also produce this information under Brady v. Maryland. This request includes any cooperation or attempted cooperation by the defendant, as well as any information, including that obtained from other investigations or debriefings, that could affect any base offense level or specific offense characteristic under Chapter Two of the Guidelines. The defendant also requests any information relevant to a Chapter Three adjustment, a determination of the defendant's criminal history, and information relevant to any other application of the Guidelines.

(5) **The Defendant's Prior Record**. The defendant requests disclosure of his prior record. Fed. R. Crim. P. 16(a)(1)(B). The defendant specifically requests a complete copy of any criminal record.

(6) **Any Proposed 404(b) Evidence**. The government must produce evidence of prior similar acts under Fed. R. Crim. P. 16(a)(1)(C) and Fed. R. Evid. 404(b) and 609. In addition, "upon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature" of any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at trial and the purpose for which introduction is sought. This applies not only to evidence which the government may seek to introduce in its case-in-chief, but also to evidence which the government may use as rebuttal. See United States v. Vega, 188 F.3d 1150 (9th Cir. 1999). Sufficient notice requires the government to "articulate *precisely* the evidential hypothesis by which a fact of consequence may be inferred from the other acts evidence. United

States v. Mehrmanesh, 689 F.2d 822, 830 (9th Cir. 1982) (emphasis added; internal citations omitted); see also United States v. Brooke, 4 F.3d 1480, 1483 (9th Cir. 1993) (reaffirming Mehrmanesh and reversing convictions).

This includes any "TECS" records (records of prior border crossings) that the government intends to introduce at trial, whether in its case-in-chief, impeachment, or rebuttal. Although there is nothing intrinsically improper about prior border crossings, they are nonetheless subject to 404(b), as they are "other acts" evidence that the government must produce before trial. United States v. Vega, 188 F.3d 1150, 1154-55 (9th Cir. 1999). Moreover, the defendant is entitled to "reasonable notice" so as to "reduce surprise," preclude "trial by ambush" and prevent the "possibility of prejudice." Id.; United States v. Perez-Tosta, 36 F.3d 1552, 1560-61 (11th Cir. 1994). Mr. Billingsley requests such reasonable notice at least three weeks before trial so as to adequately investigate and prepare for trial.

(7) Evidence Seized. The defendant requests production of evidence seized as a result of any search, either warrantless or with a warrant. Fed. R. Crim. P. 16(a)(1)(E).

(8) Request for Preservation of Evidence. The defendant specifically requests the preservation of any and all dispatch tapes, surveillance tapes, and other physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and which relates to the arrest or the events leading to the arrest in this case. This request includes, but is not limited to, any samples of narcotics used to run any scientific tests, all narcotics, the results of any fingerprint analysis, the vehicle involved in the case, the defendant's personal effects, and any evidence seized from the defendant or any third party in relation to this case. This request also includes any material or percipient witnesses who might be deported or are otherwise likely to become unavailable (e.g., undocumented aliens and transients).

It is requested that the prosecutor be ordered to question all the agencies and individuals involved in the prosecution and investigation of this case to determine if such evidence exists, and if it does exist, to inform those parties to preserve any such evidence.

(9) Henthorn Material. Mr. Billingsley requests that the Assistant United States Attorney assigned to this case oversee a review of all personnel files of each agent involved in the present case for impeachment material. Kyles, 514 U.S. at 419; United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991); United States v. Lacy, 896 F. Supp. 982 (N.D. Ca. 1995). This request includes, but is not limited to, any

complaints filed (by a member of the public, by another agent, or any other person) against the agent, whether or not the investigating authority has taken any action, as well as any matter for which a disciplinary review was undertaken, whether or not any disciplinary action was ultimately recommended. Mr. Billingsley further requests production of any such information at least one week prior to the motion hearing and two weeks prior to trial. If the prosecutor is uncertain whether certain information should be disclosed pursuant to this request, this information should be produced to the Court in advance of the motion hearing and trial for an *in camera* inspection.

(10)     <u>Tangible Objects</u>.  The defendant requests the opportunity to inspect, copy, and test, if necessary, all other documents and tangible objects, including photographs, books, papers, documents, alleged narcotics, fingerprint analyses, vehicles, or copies of portions thereof, which are material to the defense or intended for use in the government's case-in-chief or were obtained from or belong to the defendant. Fed. R. Crim. P. 16(a)(1)(E). Specifically, the defendant requests **color copies** of all photographs in the government's possession, including, but not limited to, photographs of the defendant, the alleged narcotics, the vehicle in which the narcotics were allegedly found, and any other photographs taken in connection with this case.

(11)     <u>Expert Witnesses</u>.  The defendant requests the name, qualifications, and a written summary of the testimony of any person that the government intends to call as an expert witness during its case in chief. Fed. R. Crim. P. 16(a)(1)(G). The summary should include a description of the witness' opinions, as well as the bases and the reasons for the opinions. <u>See</u> <u>United States v. Duvall</u>, 272 F.3d 825 (7th Cir. 2001) (finding that government's written expert notice did not adequately summarize or describe police detective's testimony in drug prosecution where notice provided only a list of the general subject matters to be covered and failed to identify what opinion the expert would offer on those subjects).  This request includes, but is not limited to, disclosure of the qualifications of any government witness who will testify that he understands Spanish and/or any other foreign language that may have been used during the course of an interview with the defendant or any other witness.

//
//
//

1  The defense requests that notice of expert testimony be provided at a minimum of three weeks prior
2  to trial so that the defense can properly prepare to address and respond to this testimony, including obtaining
3  its own expert and/or investigating the opinions and credentials of the government's expert.  The defense also
4  requests a hearing in advance of trial to determine the admissibility of qualifications of any expert.  <u>See</u>
5  <u>Kumho v. Carmichael Tire Co.</u> 119 S. Ct. 1167, 1176 (1999) (trial judge is "gatekeeper" and must determine
6  reliability and relevancy of expert testimony and such determinations may require "special briefing or other
7  proceedings").

8  (12)   <u>Evidence of Bias or Motive to Lie</u>.  The defendant requests any evidence that any prospective
9  government witness is biased or prejudiced against the defendant, or has a motive to falsify or distort his or
10 her testimony.  <u>Pennsylvania v. Ritchie</u>, 480 U.S. 39 (1987); <u>United States v. Strifler</u>, 851 F.2d 1197 (9th Cir.
11 1988).

12 (13)   <u>Impeachment Evidence</u>.   The defendant requests any evidence that any prospective
13 government witness has engaged in any criminal act whether or not resulting in a conviction and whether any
14 witness has made a statement favorable to the defendant.  <u>See</u> Fed. R. Evid. 608, 609 and 613.  Such evidence
15 is discoverable under <u>Brady</u>, 373 U.S. 83.  <u>See</u> <u>United States v. Strifler</u>, 851 F.2d 1197 (9th Cir. 1988)
16 (witness' prior record); <u>Thomas v. United States</u>, 343 F.2d 49 (9th Cir. 1965) (evidence that detracts from a
17 witness' credibility.

18 (14)   <u>Evidence of Criminal Investigation of Any Government Witness</u>.  The defendant requests any
19 evidence that any prospective witness is under investigation by federal, state or local authorities for any
20 criminal conduct.  <u>United States v. Chitty</u>, 760 F.2d 425 (2d Cir. 1985).

21 (15)   <u>Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling</u>.  The
22 defense requests any evidence, including any medical or psychiatric report or evaluation, that tends to show
23 that any prospective witness' ability to perceive, remember, communicate, or tell the truth is impaired, and
24 any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an
25 alcoholic.  <u>Strifler</u>, 851 F.2d 1197; <u>Chavis v. North Carolina</u>, 637 F.2d 213, 224 (4th Cir. 1980).

26 (16)   <u>Witness Addresses</u>.  Mr. Billingsley requests the name and last known address of each
27 prospective government witness.  <u>See</u> <u>United States v. Napue</u>, 834 F.2d 1311 (7th Cir. 1987); <u>United States</u>
28 <u>v. Tucker</u>, 716 F.2d 576 (9th Cir. 1983) (failure to interview government witnesses by counsel is ineffective);

1  United States v. Cook, 608 F.2d 1175, 1181 (9th Cir. 1979) (defense has equal right to talk to witnesses).  Mr.
2  Billingsley also requests the name and last known address of every witness to the crime or crimes charged
3  (or any of the overt acts committed in furtherance thereof) who will not be called as a government witness.
4  United States v. Cadet, 727 F.2d 1453 (9th Cir. 1984).

5       (17)   Names of Witnesses Favorable to the Defendant.  Mr. Billingsley requests the name of any
6  witness who made any arguably favorable statement concerning Mr. Billingsley or who could not identify
7  him or who was unsure of his identity or participation in the crime charged.  Jackson v. Wainwright, 390 F.2d
8  288 (5th Cir. 1968); Chavis, 637 F.2d at 223; Jones v. Jago, 575 F.2d 1164, 1168 (6th Cir. 1978); Hudson v.
9  Blackburn, 601 F.2d 785 (5th Cir. 1979), cert. denied, 444 U.S. 1086 (1980).

10      (18)   Statements Relevant to the Defense.  Mr. Billingsley requests disclosure of any statement that
11 may be "relevant to any possible defense or contention" that he might assert.  United States v. Bailleaux, 685
12 F.2d 1105 (9th Cir. 1982).

13      (19)   Jencks Act Material.  The defendant requests production in advance of the motion hearing or
14 trial of all material, including any dispatch or surveillance tapes, which the government must produce
15 pursuant to the Jencks Act, 18 U.S.C. § 3500; Fed. R. Crim. P. 26.2.  A verbal acknowledgment that "rough"
16 notes constitute an accurate account of the witness' interview is sufficient for the report or notes to qualify
17 as a statement under section 3500(e)(1).  Campbell v. United States, 373 U.S. 487, 490-92 (1963); see also
18 United States v. Boshell, 952 F.2d 1101 (9th Cir. 1991) (holding that, where an agent goes over interview
19 notes with subject, interview notes are subject to Jencks Act); see also United States v. Riley, 189 F.3d 802,
20 806-08 (9th Cir. 1999).  Advance production will avoid the possibility of delay at the request of the defendant
21 to investigate the Jencks material.  Mr. Billingsley requests pretrial disclosure of such statements to avoid
22 unnecessary recesses and delays and to allow defense counsel to prepare for, and use properly, any Jencks
23 statements during cross-examination.

24      (20)   Giglio Information.  Pursuant to Giglio v. United States, 405 U.S. 150 (1972), the defendant
25 requests all statements and/or promises, express or implied, made to any government witnesses, in exchange
26 for their testimony in this case, and all other information which could arguably be used for the impeachment
27 of any government witnesses.
28 //

(21)  **Agreements Between the Government and Witnesses**.  Mr. Billingsley requests identification of any cooperating witnesses in this case.  The defendant requests discovery regarding any express or implicit promise; understanding; offer of immunity; offer of past, present, or future compensation; or any other kind of agreement or understanding, including any implicit understanding relating to criminal or civil income tax, forfeiture or fine liability, between any prospective government witness and the government (federal, state and/or local).  This request also includes any discussion with a potential witness about, or advice concerning, any immigration benefits, any contemplated prosecution, or any possible plea bargain, even if no bargain was made, or the advice not followed.

Pursuant to United States v. Sudikoff, 36 F.Supp.2d 1196 (C.D. Cal. 1999), the defense requests all statements made, either personally or through counsel, at any time, which relate to the witnesses' statements regarding this case, any promises -- implied or express -- regarding punishment/prosecution or detention of these witnesses, any agreement sought, bargained for or requested, on the part of the witness at any time.

(22)  **Informants and Cooperating Witnesses**.  The defendant requests disclosure of the names and addresses of all informants or cooperating witnesses used, or to be used, in this case, and in particular, disclosure of any informant who was a percipient witness in this case or otherwise participated in the crime charged against Mr. Billingsley.  The government must disclose the informant's identity and location, as well as the existence of any other percipient witness unknown or unknowable to the defense.  Roviaro v. United States, 353 U.S. 53, 61-62 (1957).  The government must disclose any information derived from informants which exculpates or tends to exculpate the defendant.

(23)  **Bias by Informants or Cooperating Witnesses**.  The defendant requests disclosure of any information indicating bias on the part of any informant or cooperating witness.  Giglio v. United States, 405 U.S. 150 (1972).  Such information would include what, if any, inducements, favors, payments or threats were made to the witness to secure cooperation with the authorities.

(24)  **Personnel Records of Government Officers Involved in the Arrest**.  Mr. Billingsley requests all citizen complaints and other related internal affairs documents involving any of the agents or law enforcement officers who were involved in the investigation, arrest and interrogation of Mr. Billingsley.  See Pitchess v. Superior Court, 11 Cal. 3d 531, 539 (1974).  Because of the sensitive nature of these documents, defense counsel will be unable to procure them from any other source.

1      (25) <u>Training of Relevant Law Enforcement Officers</u>. Mr. Billingsley requests copies of all written, videotaped or otherwise recorded policies or training instructions or manuals issued by all law enforcement agencies involved in the case (United States Customs Service, Border Patrol, INS, Department of Homeland Security, etc.) to their employees regarding: (a) the handling of vehicles suspected to be transporting contraband across the port of entry; (b) the referral to secondary inspection of persons within those vehicles; (c) the detention of individuals within those vehicles; (d) the search of those vehicles and the occupants of those vehicles, including the proper means of obtaining consent to search and what constitutes consent to search; (e) the informing of suspects of their Constitutional rights; (f) the questioning of suspects and witnesses. Mr. Billingsley also requests all written or otherwise attainable information regarding the training of Customs agents at ports of entry in California to detect or discover narcotics in vehicles entering the United States, including any training offered to Border Patrol, INS, or officers of Homeland Security Department, by the DEA or other law enforcement agencies or individuals.

    (26) <u>Performance Goals and Policy Awards</u>. Mr. Billingsley requests disclosure of information regarding standards used for measuring, compensating or reprimanding the conduct of all law enforcement officers involved in the case (Customs, Border Patrol, INS, etc.) to the extent such information relates to the detection of contraband. This request specifically includes information concerning performance goals, policy awards, and the standards used by Customs for commending, demoting, or promoting agents for their performance at the port of entry and their success or failure to detect illegal narcotics in general.

    (27) <u>Opportunity to Weigh, View and Photograph the Contraband</u>. Mr. Billingsley hereby requests an opportunity to view, photograph, and weigh the contraband allegedly confiscated in this case.

    (28) <u>DEA 7 Form</u>. Mr. Billingsley requests a copy of the DEA-7 form that should indicate the alleged weight and purity of the contraband in this case.

    (29) <u>TECS Reports</u>. Mr. Billingsley requests all TECS reports, including reports pertaining to all vehicle border crossings pertaining to the vehicle used in this case and any vehicles pertaining to Mr. Billingsley. **Any prior border crossings are considered "other acts" evidence that the government must produce before trial**. <u>Vega</u>, 188 F.3d at 1154. Mr. Billingsley also requests all TECS reports related to his personal border crossings (in this car, on foot, or in another car).

//

(30) <u>Reports of Scientific Tests or Examinations</u>. Pursuant to FED. R. CRIM. P. 16(a)(1)(F), Mr. Billingsley requests <u>all information</u> regarding all tests and examinations conducted upon the evidence in this case, including, but not limited to, any fingerprint testing done upon any evidence seized in this case, that is within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government, and that are material to the preparation of the defense or are intended for use by the government as evidence in chief at the trial.

(31) <u>Narcotics Detector Dog Information</u>. Mr. Billingsley moves for production of all discoverable information about any Narcotics Detector Dogs (NDDs) used in this case, including information regarding: (a) the qualifications of the NDDs and their handlers, (b) the training and experience of the NDDs and their handlers, (c) the government's procedures regarding the treatment, training and rewarding of the NDDs, (d) a detailed description of the exact method the NDDs in this case used to indicate an "alert" to contraband, and (e) the location of the NDD and the vehicle when the NDD alerted, and (f) the NDD's reliability.

(32) <u>Residual Request</u>. Mr. Billingsley intends by this discovery motion to invoke his rights to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the Constitution and laws of the United States. This request specifically includes all subsections of Rule 16.

Mr. Billingsley requests that the government provide him and his attorney with the above requested material at least three weeks before trial.

### III.

### MOTION FOR LEAVE TO FILE ADDITIONAL MOTIONS

Mr. Billingsley and defense counsel have received <u>no</u> discovery in this case. Further, defense counsel has not yet had an opportunity to examine and re-weigh the drugs at issue in this case or to view the vehicle seized and Mr. Billingsley's personal effects. Mr. Billingsley respectfully requests leave to file further motions based on information obtained through the discovery process or as the need arises.

//
//
//
//
//

**IV.**

**CONCLUSION**

For the foregoing reasons, Mr. Billingsley respectfully requests that the Court grant the above motions.

Respectfully submitted,

DATED:    August 4, 2008        /s/ *Jennifer L. Coon*
**JENNIFER L. COON**
Federal Defenders of San Diego, Inc.
Attorneys for Mr. Billingsley

**CERTIFICATE OF SERVICE**

Counsel for Defendant certifies that the foregoing pleading is true and accurate to the best of information and belief, and that a copy of the foregoing document has been caused to be delivered this day upon:

Courtesy Copy Court

Assistant United States Attorney via ECF

Dated: August 4, 2008
          /s/ *Jennifer L. Coon*
JENNIFER L. COON
Federal Defenders of San Diego, Inc.
225 Broadway, Suite 900
San Diego, CA 92101-5030
(619) 234-8467  (tel)
(619) 687-2666  (fax)
e-mail: Jennifer_Coon@fd.org